DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Debra Barber, appeals from her conviction in the Lorain County Court of Common Pleas for assaulting a police officer. We affirm.
In the early morning hours of September 6, 1996, the Sheffield Lake Police were dispatched to the defendant's residence in response to a call concerning a potential suicide in progress. When the officers first arrived, the defendant would not answer the door or respond to calls. The defendant yelled profanities and refused to let the two patrolmen into the house. The police were eventually able to gain admittance and explain their purpose in being there. The defendant admitted that she had taken a large quantity of pills, and that they would take effect shortly after her daughter left for school. The police immediately called the paramedics.
The defendant remained belligerent and continued to refuse to cooperate. She would not allow the paramedics to examine her or take her to the hospital. The police explained that they were attempting to protect her and insure her safety, and that she was obstructing official business. They were forced to place her under arrest in order to take her for help. At this point, she agreed to go with the officers, and the defendant's friend was called to the home to take care of the daughter.
The police officers began to escort the defendant to the ambulance; she was not handcuffed. A scuffle broke out when both the defendant and Sergeant Komlosy tried to grab for three suicide letters that the defendant had passed to her friend. The defendant bit Sergeant Komlosy in the hand and kneed him in the groin area.
The defendant was admitted to the hospital for five days and received medical help. Later, she was charged with obstructing official business, resisting arrest, and assaulting an officer. After a bench trial, she was found not guilty of the first two charges, but was found guilty of assaulting a police officer. The defendant was placed on two years probation. She timely appeals, raising three assignments of error.
 ASSIGNMENT OF ERROR I
The state failed to prove beyond a reasonable doubt that the defendant assaulted a police officer.
 ASSIGNMENT OF ERROR II
The state failed to prove the requisite culpable state of mind for assault of a police officer.
We shall address the first two assignments of error together, as they both appear to be questioning the sufficiency of the evidence used to convict the defendant. "Sufficiency" denotes the legal standard which is applied to determine whether the evidence is legally sufficient as a matter of law to support the jury verdict. See State v. Thompkins (1997), 78 Ohio St.3d 380, 386. The applicable standard for determining whether a conviction is supported by sufficient evidence has been set forth by the Ohio Supreme Court:
 The relevant inquiry is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Simply stated, when reviewing for sufficiency, courts are to assess whether, if believed, the evidence against a defendant would support a conviction. See State v. Thompkins,supra, at 390 (Cook and Stratton, JJ., concurring).
The defendant was convicted of assault pursuant to R.C.2903.13(A), which states that "[n]o person shall knowingly cause or attempt to cause physical harm to another." Because the victim was a police officer, this offense was a felony of the fourth degree. See R.C. 2903.13(C)(3). "Physical harm" encompasses any injury, illness or physiological impairment, regardless of its gravity or duration. R.C. 2901.01(A)(3). A person acts knowingly, regardless of her purpose, when she is aware her conduct will probably cause a certain result. R.C. 2901.22(B).
The defendant argues that there was insufficient proof that she attempted to cause physical harm to the officer. She points to the fact that there was no evidence of any bruises and that the skin was not even broken on Officer Komlosy's hand. She acknowledges that the two may have bumped into each other during the scuffle over the letters, and the officer's hand may have touched her mouth. However, the defendant maintains that there was no indication that she knowingly attempted to hurt the officer.
The evidence at trial, when viewed in a light most favorable to the prosecution, proves otherwise. Sergeant Komlosy testified that, as the two struggled over the letters, the defendant threatened him and attacked him:
 Sgt.: [A]nd at one point she said to me you know, "I'll kick you in the fucking balls, asshole, let go of my property." And at that point she kneed me in the left groin area on the upper thigh.
Q: After she kneed you?
 Sgt.: We still struggled. * * * She then reached down, I had my hand like this, and she reached down and started biting me around this part of my hand, and she started to bite down. * * * Patrolman Mariner pulled her back and we brought her over to her vehicle and handcuffed her at that point.
The defendant's statement was evidence of her intent to knowingly inflict physical harm. The physical harm necessary to support a conviction does not need to be severe. See R.C.2901.01(A)(3). In fact, the assault statute only requires that the perpetrator "attempt" to cause harm. See R.C. 2903.13(A). Therefore, it is irrelevant that the sergeant did not have photographs or other evidence of wounds. He did testify that he sought medical attention for his injuries.
The above evidence, if believed, was sufficient to establish the elements of the offense that the defendant knowingly attempted to cause physical harm to the police officer. The defendant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III
The verdict that defendant assaulted a police officer was against the manifest weight of the evidence.
In her final assignment of error, the defendant contends that the trial court erred in believing Sergeant Komlosy because she contends that the weight of the evidence did not support his testimony. The defendant asserts that the judge was overly inclined to believe the police officers.
The weight of the evidence concerns the inclination of the greater amount of credible evidence to support one side of the issue rather than the other. See State v. Thompkins,78 Ohio St.3d at 387. The standard utilized is as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the creditability of the witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175;State v. Otten (1986), 33 Ohio App.3d 339, 340. We may invoke this discretionary power to grant a new trial only in the exceptional case where the evidence presented weighs heavily against the conviction. See Martin, supra. at 175; see, also,State v. Thompkins, supra, at 387. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
The defendant testified that she did not knowingly attempt to bite the police officer or knee him in the groin, but that they merely bumped into each other while struggling to get the letters. She also states that no one else who was present was able to substantiate Sergeant Komlosy's testimony.
The record contradicts that claim. The scuffle only lasted for a few moments, and it is true that two of the people present, the defendant's friend and one of the paramedics, could not say that they personally saw the defendant assault Sergeant Komlosy. The second paramedic testified that he was in the back of the ambulance and did not actually see the defendant make contact with Sergeant Komlosy. However, when he heard the scuffle, he looked up and saw "Officer Komlosy jump back, like he was hit in the groin area."
The other policeman on the scene, Patrolman Mariner, corroborated Sergeant Komlosy's testimony. Patrolman Mariner also stated that the defendant had been uncooperative and yelling vulgarities at them. When asked what the defendant said or did during the scuffle, he related the following:
 A. And she told Komlosy, "I'll kick you in the fucking balls, it's my property."
Q. What did you observe her do?
A. I observed her knee him in the left leg area.
 Q. Did you, in fact, see her left knee strike, come in contact with the left leg area?
A. Yes.
 Q. After she did that, what did you or Sgt. Komlosy do?
 A. I took her by her right hand and attempted to control her. Sgt. Komlosy had her by the left hand while she was still holding the envelope, and she bent over and placed her mouth over his hand.
Q. Did you in fact see her do this?
A. Yes.
The defendant argues that because Patrolman Mariner only saw the defendant place her mouth over Sergeant Komlosy's hand, but could not verify that he saw her jaw clutching down, his testimony should be discredited. She also argues that his testimony that Sergeant Komlosy was hit in the "leg area" along with the sergeant's comments that he had a pain in the "knee" are inconsistent with the charge that she kneed him in "the groin."
In reviewing the record, we find that the testimony of Patrolman Mariner and the paramedic thoroughly corroborated Sergeant Komlosy's version of the events that transpired. The fact that Patrolman Mariner did not actually see the defendant's teeth make contact with the sergeant's skin does not refute the fact that it appeared as if she was attempting to bite the sergeant. The testimony concerning the defendant kneeing the sergeant in "the leg," "the groin," or the "thigh area" all describe basically the same area of injury as close as could be determined under the fast-moving circumstances.
We find that there was substantial, competent and credible evidence to support the finding of the trial court, and that the defendant's conviction was not a miscarriage of justice. The third assignment of error is overruled.
The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
BAIRD, J. and DICKINSON, J.CONCUR.